Good morning, ladies and gentlemen. First case on today's docket. We've had a little switch switch up here is people versus Richard Holman. We have the right parties for that representative. So we have we have Mr. Burke for the appellant. And we have this at Atkins for the employee. And you may begin, Mr. Burke. Thank you, Your Honor. I'm Robert S. Burke. I'm with the Office of the State Appellate Defender. I represent the defendant, Richard Holman. Before I get really into the my argument this morning, I have a couple of housekeeping matters I wanted to bring up. One, I filed a motion to supplement my reply brief with one page of the record that the party assigned to. I don't know that the motion was granted, but I think that's page 742 in the record. The court would still need page 742 in the record either for my motion. Thank you. I think we took it with the case. I wasn't aware of that, Your Honor. Thank you very much. The other matter is that a statute has been passed and I don't want to mention the name of it or the statutory number today, but if the court wants a briefing on that, then I'm certainly willing to do that. Okay, we'll advise you as to that. Thank you, Your Honor. Mr. Holman was convicted of a murder that happened when he was 17 years old. The murder was in 1979. He had previously been convicted of two other murders and he was received a discretionary sentence of life without parole. There's been a number of pleadings and appeals on this. This comes up on a motion to file a successor PC in which Mr. Holman argued that the statute he was sentenced under was void. This court rejected his argument in the last appeal. It was the Illinois Supreme Court. The Illinois Supreme Court remanded it for further consideration and this is the further reconsideration. This case is about Miller v. Alabama and about People v. Davis. Davis relies on Miller v. Alabama. In Miller v. Alabama, the Supreme Court said that a mandatory sentence of life without parole against juveniles is void on its face. Then it left open the possibility that there could be discretionary life without parole if the court considered individualized sentencing that included the defendants youth and the attendant circumstances of youth. Now that particular issue was not before the United States Supreme Court and so of course they left that issue open. The case could come up that presents discretionary life without parole. It could be this case. And then they'll decide that case. Davis cites to Miller but Davis was also a case of mandatory life without parole. There's no mandatory authority that this court cannot find discretionary life without parole unconstitutional. This court can do that. There's no authority against it. However, that's the third argument in my brief and mostly I want to focus on the second argument. And that is that the sentence in this case was imposed without consideration of the Miller factors. And this is no insult to Judge McTozian for his sentencing hearing back in April 1981 33 years before Miller. But at that sentencing hearing he said there are no factors in mitigation. Well, in Miller it says there's always at least two factors in mitigation. The defendants youth and the attendant circumstances of youth. So when Judge McTozian said there are no factors in mitigation, that was not the kind of sentencing hearing that Miller provides must have an individualized sentencing hearing where the court does take those factors into consideration. Those are mitigating factors. It's because the court didn't take that into consideration that we're asking this court to remand this for a proper court. Didn't Judge McTozian say that he considered his youth and did not find it mitigating? I don't believe so, Your Honor. I believe page 742 has the total of his remarks about it. And he just says there are no factors in mitigation. And I think defense counsel in his But that doesn't mean that the circuit court considered that as a factor in mitigation. Do you think that he would have had to consider individually the attendant circumstances of his youth issue? Yes, Your Honor. And for instance, that includes no matter how long you want to slice and dice the Miller factor. That includes that he was able to assist his attorney. I think if he had been able to assist his attorney, perhaps if he had, except for his age, if he had been able to assist his attorney, he might have said, attorney, please point out to the judge that this happened when I was a juvenile. Please point out to the judge that I'm not guilty of actual murder here. I'm guilty of murder by accountability. And that in itself is a factor in mitigation. I don't believe the court considered any of the Miller factors. And I don't blame the court for not doing that. Any other questions, Your Honor? I have no questions. Thank you. May it please the court. Whitney Atkins for the state of Illinois. People v. Davis does not warrant a different result in the case at farm. First we need to start with Miller v. Alabama. Miller v. Alabama held that a mandatory life sentence without parole imposed on juveniles who had committed homicide was unconstitutional because it took away the judge's or the jury's opportunity to consider mitigating circumstances. However, the Miller v. Alabama court explicitly did not foreclose on judges ability to impose life sentence on a juvenile in homicide cases. Do you agree that it's a requirement that the court consider the five Miller factors or how many there are? I think the defendant says there's five attendant to use. No, I don't think it's a requirement. Those are not factors. Basically in the Miller reasoning, the Miller court noted that mandatory life sentences are inherently flawed because a court cannot consider mitigating circumstances, including youth. Then the court went into a list of examples of what a court would not be able to consider. Those examples are what the defendant is claiming are factors. They're not factors. They're just sort of by the way reasoning. They're just an explication of what a court would be stripped of considering. Well, youth is a factor though. Youth in and of itself is a factor, but those specific attendant circumstances that he lists, those are not mandated factors by Miller or Davis. So yes, youth is a factor that should be considered. And the court here did consider youth. Counselor, do you agree with Mr. Burke's statement that the trial court found no factors in mitigation? That is what the trial court said. The trial court said that, but to me my interpretation of that is that he did not find those factors mitigating. So it is a matter of semantics. You're saying that youth in and of itself may have been a mitigating factor, but applied to the facts here it was not mitigating. I think what is very damning is that the he argued that there were alternative sentences that the court should consider. I mean expressly said that I think you should consider alternative sentences. The PSI report contained the attendant characteristics of youthfulness. It contained information that pertained to what the defendant calls the Miller factors. And then the trial court explicitly said I have considered the PSI report. I have considered argument by trial counsel. I find that there are no mitigating factors. And then he gave the sentence. So he expressly said that he considered information that pertained to what the defendant calls the Miller factors. I don't think that because the trial court said he does not find mitigating factors means that they're just non-existent. I think it's more that they're not mitigating here. This was a very heinous crime. And by the time the defendant had been sentenced he was a triple murderer. So it's understandable that he didn't find that the defendant's youth and his characteristics of youth was not mitigating. Also I think it's somewhat debatable whether even if the court didn't consider the qualities very specific qualities of youth I think it's somewhat debatable whether that is unconstitutional under Miller. Because Miller only requires that youth be considered. And the real crux of Miller is the opportunity to consider alternative sentences. The opportunity to consider youth for that not just to be stripped. That's really the crux of Miller. And then Davis is just it applies it retroactively. And so is it your argument that the defense counsel gave the court opportunity by in fact arguing his youth in attendant circumstances? Yeah, he gave the court opportunity. The opportunity was inherent. He presented it to the court and then further the PSI report, which the court said that it is considered. But also in the initial decision this court did find that the defendant's youth was considered. And that he was afforded an opportunity for youth to consider. And the defendant says that that is not authority. That the people cannot cite to that decision because that decision was vacated. And I submit to you that that decision was not simply vacated. It was vacated with an order to reconsider and reconsidering includes considering what you decided and so it is proper for the state to point out what about that decision is correct and what about that decision is not negated by Davis. So is it the state's position that this was a discretionary sentence and that youth was considered in the original sentence? Yes, yes. And to add to that because it was discretionary, Miller is inapplicable and so is Davis. And this court has already found that Miller was inapplicable. And the people can cite to that. That is within the confines of the mandate. Well we would have to find that there was now a retroactive application of Davis which was unknown at the time. Actually it's in the decision. The court had recognized that it was retroactive by I believe an Illinois Supreme Court case. A first district case. So you actually had considered retroactive. We had considered it but at the time Davis was not decided. No, it had not been decided. But the court had found that Miller was inapplicable. It was misplaced and there's no reason why that is negated by Davis. It's not negated by Davis. This court has already found that Miller does not apply. Davis just stands for retroactivity and this case warrants no different decision because of Davis. It's already found that Miller is inapplicable. So the people ask that the defendant's sentence not be disturbed. I don't have any other questions. Thank you. Mr. Burke do you have a rebuttal? Good evening Your Honor. I just wanted to address the court's questions in terms of whether the mitigation factor of youth may have been considered or whether the judge had the opportunity to consider it. And those are the very words that are used in Miller as Ms. Atkins pointed out. It says that the individualized sentencing decisions must make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the hardest possible penalty for juveniles. So you're saying that the court did not have the opportunity to consider youth as a factor? Well first of all Your Honor, one thing I'm saying is that in this record it's not clear. The court may have, may not have. But I don't believe that's enough to base a decision on. Here's what is clear. The court has to consider as a mitigation factor the defendants youth. Judge Matossian said there is no mitigation factor. He explicitly rejected Mr. Holland's youth. And I don't believe that complies with Miller. Are there any other questions Your Honor? I don't believe so. Thank you both for your arguments and we'll take the matter under advisement.